THE ST. NICHOLAS INSURANCE COMPANY, Respondent, *v.* THE MERCHANTS' MUTUAL FIRE AND MARINE INSURANCE COMPANY, Appellant.

(Argued November 17, 1880 ; decided December 1, 1880.)

THIS action was brought upon a policy of insurance issued by the defendant to the plaintiff, upon the barge *Berkshire,* which the plaintiff had previously insured. The plaintiff's policy was upon said barge, her tackle, etc., while used· as a freight boat on the Hudson river, bay and harbor of New York, or while stopping at any of the ports or places on said waters, " for the sum of $4,000 for the term of one year from March 16, 1864." On the 7th day of March, 1865, the plaintiff issued a new policy upon the barge, by which an insurance was

made upon the same terms as in the first policy for $5,000 for the term of one year from March 16, 1865. The defendant issued its policy of reinsurance on the 28th day of February, 1865, upon the barge, which was described as "running on the Hudson and East rivers," for the sum of $2,000, loss, if any, payable *pro rata* with the reinsured; it was to expire on the 1st of September following, but was subsequently extended to the 16th day of March, 1866. On the 20th day of May, 1865, for an additional premium of $20.84, plaintiff indorsed on its policy the privilege to carry baled hay and straw, and country produce generally, and to burn kerosene oil for lights. This was unknown to defendant's officers until after the fire, which occurred in the month of November, 1865. The barge was used for carrying baled hay and straw after the privilege was granted.

The plaintiff received $50 originally as a premium on the policy of $5,000 issued by it, and afterward the $20.84 premium for the privilege to carry baled hay and straw, and country produce generally, and burn kerosene for lights. The defendant received $18.75 as a premium on the $2,000 for which its policy was issued. The evidence shows that there was an arrangement between the plaintiff and the defendant before the policies were issued, that the defendant was to receive the same rate of premium as the plaintiff did. It was also proved that it was the custom between insurance companies at the time, in case of reinsurance, to give and receive the same rate as the original insurer. The defendant had no knowledge of the receipt of the extra premium received by the plaintiff for the privilege to carry hay and straw, until after the fire, and it was then for the first time communicated to its attorney.

Defendant's policy contained a condition avoiding it in case of the use of the property insured for the storage of articles denominated hazardous, extra-hazardous, or especially hazardous. In the class of articles denominated extra-hazardous was "hay or straw pressed in bundles." *Held*, that defendant's policy was avoided by the carrying of pressed hay; and that this result followed whether said policy was to be regarded as a reinsurance of plaintiff's risk, because said risk was altered and increased by the permission so given, or whether the policy be

regarded as if it were an insurance issued to the owners of the barge, because then the condition as to pressed hay was violated.

*George W. Parson* for appellant.

*William G. Cooke* for respondent.

MILLER, J., reads for reversal and new trial.
All concur as stated in opinion.
Judgment reversed.